﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/28/19

DOCKET NO. 190514-12822
DATE: August 29, 2019

ORDER

Entitlement to a disability rating of 30 percent, but no higher, for glenohumeral joint osteoarthritis, post-surgical, is granted.

FINDING OF FACT

Resolving all doubt in favor of the Veteran his glenohumeral joint osteoarthritis, post-surgical, limits range of motion (ROM) to midway between the side and shoulder level, or approximately 45 degrees of flexion or abduction; range of motion of the arm is not limited to no more than 25 degrees from the side.

CONCLUSION OF LAW

The criteria for a 30 percent rating, but no higher, for a right glenohumeral joint osteoarthritis, post-surgical have been met. 38 U.S.C. §§ 1155, 5103A; 38 C.F.R. §§ 3.321, 4.1, 4.2, 4.7, 4.71, Diagnostic Code 5010-5201.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in May 2019.

The Veteran served on active duty from July 24 to October 6, 1961.

In May 2019, the Veteran appealed the May 2019 RO decision directly to the Board, electing the “direct review” process. Based on the Veteran’s choice to pursue a direct review of his appeal, the Board will decide the appeal “based on the evidence of record at the time of the prior decision” and no additionally submitted evidence may be considered.

Entitlement to a disability rating of 30 percent, but no higher, for glenohumeral joint osteoarthritis, post-surgical, is granted.

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment. 38 C.F.R. § 4.10. Where there is a question as to which of two ratings should be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of the veteran’s disability. 38 C.F.R. §§ 4.1, 4.2; Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991).

Generally, when an increase in the disability rating is at issue, the present level of disability is of primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). When the appeal arises from an initial assigned rating, consideration must be given to whether staged ratings should be assigned to reflect entitlement to a higher rating at any point during the pendency of the claim. Fenderson v. West, 12 Vet. App. 119 (1999). Staged ratings are also for consideration in any increased rating claim in which distinct time periods with different ratable symptoms can be identified. Hart v. Mansfield, 21 Vet. App. 505, 510 (2007). Analysis in this decision has therefore been undertaken with consideration of the possibility that different ratings may be warranted for different time periods as to the pending claims beyond those already assigned.

In determining the appropriate evaluation for musculoskeletal disabilities, particular attention is focused on functional loss of use of the affected part. Disability of the musculoskeletal system is primarily the inability, due to damage or infection in parts of the system, to perform the normal working movements of the body with normal excursion, strength, speed, coordination and endurance. 38 C.F.R. § 4.40. Functional loss may be due to pain, supported by adequate pathology and evidenced by visible behavior on undertaking the motion. Id.; Johnston v. Brown, 10 Vet. App. 80, 85 (1997). Weakness is as important as limitation of motion, and a part that becomes painful on use must be regarded as seriously disabled. 38 C.F.R. § 4.40.

Under 38 C.F.R. § 4.59, painful motion is an important factor of joint disability and actually painful joints are entitled to at least the minimum compensable rating for the joint. This regulation also requires that, whenever possible, the joints involved are tested for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint. Correia v. McDonald, 28 Vet. App. 158, 168 (2016). 

Where functional loss is alleged due to pain upon motion, the provisions of 38 C.F.R. §§ 4.40, 4.45 must be considered. DeLuca v. Brown, 8 Vet. App. 202, 207-08 (1995); Mitchell v. Shinseki, 25 Vet. App. 32, 44 (2011). Factors of joint disability reside in reductions of their normal excursion of movements in different planes and consideration will be given to less movement or more movement than normal, weakness, excess fatigability, incoordination, painful movement, swelling, deformity, or atrophy of disuse. 38 C.F.R. § 4. 45. Instability of station, disturbance of locomotion, interference with sitting, standing and weight-bearing are related considerations. Id. Pain itself does not rise to the level of functional loss as contemplated by § 4.40 and § 4.45, but may result in functional loss only if it limits the ability to perform the normal working movements of the body with normal excursion, strength, coordination or endurance. Mitchell, 25 Vet. App. at 43. Nonetheless, even when the background factors listed in § 4.40 or 4.45 are relevant when evaluating a disability, the rating is assigned based on the extent to which motion is limited, pursuant to 38 C.F.R. § 4.71a (musculoskeletal system) or § 4.73 (muscle injury); a separate or higher rating under § 4.40 or 4.45 itself is not appropriate. See Thompson v. McDonald, 815 F.3d 781, 785 (Fed. Cir. 2016) (“[I]t is clear that the guidance of § 4.40 is intended to be used in understanding the nature of the veteran’s disability, after which a rating is determined based on the § 4.71a [or 4.73] criteria.”). 

The Veteran’s right shoulder disability is currently rated 20 percent disabling pursuant to Diagnostic Code 5201-5010. This appeal comes from the Veteran’s disagreement with the 20 percent rating assigned for his right shoulder disability. He believes a higher rating is warranted.

Generally, hyphenated diagnostic codes are used when an unlisted disability is at issue. See 38 C.F.R. § 4.27. Use of the second diagnostic code helps provide further detail regarding the origins of the unlisted disability, the bodily functions affected, the symptomatology, and anatomical location. Id. ; see Tropf v. Nicholson, 20 Vet. App. 317, 321 (2006). The diagnostic code following the hyphen is the diagnostic code by which the disability is evaluated. Id.

Diagnostic Code 5010 directs that traumatic arthritis is to be rated as degenerative arthritis. 38 C.F.R. § 4.71a , Diagnostic Code 5010. Degenerative arthritis established by x-ray findings will be rated on the basis of limitation of motion under the appropriate diagnostic codes for the specific joint or joints involved. When however, the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic codes, a rating of 10 percent is for application for each such major joint or group of minor joints affected by limitation of motion, to be combined, not added under diagnostic code 5003. Limitation of motion must be objectively confirmed by findings such as swelling, muscle spasm, or satisfactory evidence of painful motion. 38 C.F.R. § 4.71a , Diagnostic Code 5003. For the purpose of rating disability from arthritis, the shoulders are considered major joints. 38 C.F.R. § 4. 45 (f).

In the absence of limitation of motion, a 10 percent rating is warranted for x-ray evidence of arthritis with evidence of involvement of 2 or more major joints or 2 or more minor joint groups, and a 20 percent rating is warranted for x-ray evidence of arthritis with evidence of involvement of 2 or more major joints or 2 or more minor joint groups, with occasional incapacitating exacerbations. 38 C.F.R. § 4.71a, Diagnostic Code 5003. The 20 percent and 10 percent ratings based on x-ray findings will not be combined with ratings based on limitation of motion. Id., Note 1. In addition, the 20 percent and 10 percent ratings based on x-ray findings will not be utilized in rating conditions listed under diagnostic codes 5013 to 5024. Id., Note 2.

Diagnostic Code 5201 rates disability of the shoulder based on limitation of motion of the arm. For limitation of arm motion at shoulder level [forward flexion or abduction], a 20 percent rating is assigned for either the major or minor joint. For limitation of arm motion midway between the side and shoulder level, a 30 percent rating is warranted for the major joint and a 20 percent rating is warranted for the minor joint. Finally, for arm motion limited to 25 degrees from the side [abduction], a 40 percent rating is assigned for the major joint and a 30 percent rating is assigned for the minor joint. 38 C.F.R. § 4.71a , Diagnostic Code 5201.

The standard ranges of motion of the shoulder are 180 degrees for forward elevation (flexion) and 180 degrees for abduction. The standard range of motion for internal and external rotation is 90 degrees. 38 C.F.R. § 4.71, Plate I.

Handedness for the purpose of a dominant rating will be determined by the evidence of record, or by testing on VA examination. Only one hand shall be considered dominant. 38 C.F.R. § 4.69. The evidence of record indicates the Veteran is right hand dominant. Therefore, his right shoulder disability is rated as the major shoulder joint.

Post service VA treatment notes from December 2018 indicated the Veteran’s right shoulder active forward flexion to 90 degrees and abduction to 75 degrees. His passive forward flexion to 90 degrees and abduction to 85 degrees.

The Veteran was afforded a VA examination in October 2018 to evaluate the severity of his right shoulder disability. Rounded to the nearest 5 degrees, the Veteran had right shoulder forward flexion to 65 degrees and abduction to 60 degrees. Following repetitive-use testing there was no additional loss of range of motion. Other examination findings included right shoulder crepitus. The examiner indicated the pain noted on examination did not result in/cause functional loss. The examiner noted the Veteran did not report any flare-ups. There was no evidence of pain in non-weight bearing. Passive ranges of motion were equal to active ranges of motion.

The Veteran submitted private treatment notes regarding the severity of his right shoulder disability. Treatment notes from January 2019 indicated the Veteran’s right shoulder active forward flexion to 60 degrees and abduction to 45 degrees. His passive forward flexion to 65 degrees and abduction to 60 degrees. The examiner noted the Veteran was unable to reach shoulder level in flexion or abduction and he was unable to reach behind his head or back. He noted his symptoms interfered with his ability to sleep and drive. The Veteran described shoulder pain as deep stabbing with pain at 10/10 at worst. It was aggravated by twisting, reaching back, getting up out of bed, dressing and grooming, carrying items, and climbing stairs. He noted the Veteran’s pain was 6/10 at best and was alleviated by medication and heat. 

The Veteran’s right shoulder disability is currently evaluated at the maximum schedular rating under DC 5010 at 20 percent disabling. In light of the above and resolving any reasonable doubt in favor of the Veteran, the Board concludes that the Veteran’s right shoulder disability more nearly approximates a 30 percent evaluation under Diagnostic Code 5201, with motion of the right arm limited to between his side and shoulder level. A higher evaluation is not warranted under Diagnostic Code 5201 as the Veteran has not shown limitation of motion of the arm to 25 degrees from the side.

The Board has also considered whether a higher rating is warranted under any of the other diagnostic codes for evaluating shoulder and arm disabilities, but finds none applicable. Ultimately, the Board concludes that Diagnostic Code 5010-5201 most appropriately reflects the Veteran’s service-connected right shoulder disability.

In reaching its decision, the Board has considered the Veteran’s lay statements. However, his lay statements do not offer enough detail to warrant higher evaluations for the Veteran’s right shoulder disability.

Consequently, the Veteran’s entitlement to an evaluation of 30 percent, but no higher, for glenohumeral joint osteoarthritis, post-surgical is warranted. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.6, 4.7, 4.40, 4.45, 4.59, 4.71a Diagnostic Code 5010-5201.

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Whitley

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.