NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CURTIS W. FETTY,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2019-1238

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-2851, Chief Judge Robert N. Davis.

---

Decided: September 10, 2019

---

CURTIS FETTY, Davidsonville, MD, pro se.

DAVID PEHLKE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; Y. KEN LEE, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, *Chief Judge,* MOORE and HUGHES, *Circuit Judges.*

PER CURIAM.

Curtis Fetty appeals a decision of the Court of Appeals for Veterans Claims affirming a staged rating assignment by the Board of Veterans' Appeals. Because he fails to show legal error in the only claim over which we may exercise jurisdiction, we affirm.

I

Curtis Fetty served in the U.S. Air Force from 1970–76 and 1988–91. He has filed claims and been granted service connection for 17 separate conditions. The current appeal concerns only his bilateral *pes planus* claim.[1]

The Department of Veterans Affairs first granted Mr. Fetty service connection for bilateral *pes planus* in 2002. The Regional Office (RO) rated him as 0% disabled, effective April 14, 1997. Mr. Fetty appealed, and his case eventually reached the Board. In April 2009, the Board determined that Mr. Fetty was entitled to a 30% rating, but it remanded for the RO to decide the applicable effective date for that rating in the first instance. The RO assigned Mr. Fetty a staged[2] rating of 10%, effective April 14, 1997, and 30%, effective June 1, 2002.

———————————

[1]  *Pes planus* is a condition in which there is no arch support in the sole of the foot. It is also known as flat feet. Mr. Fetty filed a claim for bilateral *pes planus*, i.e., that both his left and right foot lack arch support.

[2]  A "staged" rating decision refers to a two-step rating decision in which the VA grants one disability rating for one period and a second disability rating for a second period.

While the RO addressed effective dates, Mr. Fetty separately appealed the Board's 30% rating decision. The Veterans Court reversed in September 2011.

In April 2016, the Board considered Mr. Fetty's rating and the effective dates assigned by the RO. The Board determined that Mr. Fetty was entitled to a 50% rating for bilateral *pes planus*, noting that "[g]iven the chronic, progressive nature and symptomatology of the disability at issue, . . . a 50 percent rating . . . best reflects the disability picture shown." Appx 23.[3] Rather than remand again for the RO to decide the applicable effective date, however, the Board adopted the RO's prior staged rating. Thus, it found that Mr. Fetty became entitled to a 50% rating on June 21, 2002, and that he was 30% disabled for the period between April 14, 1997 and June 21, 2002.

On appeal, the Veterans Court determined that Mr. Fetty had waived the right to have the RO determine the effective date in the first instance when he waived his right to RO consideration of certain evidence not before the agency. *See Fetty v. Shulkin*, No. 16-2851, 2017 WL 5901093 (Vet. App. Nov. 30, 2017), *adhered to on reconsideration*, No. 16-2851, 2018 WL 1256604 (Vet. App. Feb. 7, 2018). Mr. Fetty appealed to this Court, and we remanded for the Veterans Court to assess whether Mr. Fetty had knowingly and voluntarily agreed to waive a RO decision on the issue of effective date. *See Fetty v. Wilkie*, No. 2018-1786, 2018 WL 4846991 (Fed. Cir. Sept. 25, 2018).

On remand, the Veterans Court did not address waiver. Instead, it affirmed the Board's staged disability rating on other grounds. It reasoned that, because the Board "did not consider an issue that was not addressed by

---

[3]     Citations to Appx herein refer to the appendix submitted with Respondent-Appellee Robert Wilkie's informal brief.

the" RO, Mr. Fetty had received his one level of administrative review. *See Fetty v. Wilkie*, No. 16-2851, 2018 WL 5255277, at *3 (Vet. App. Oct. 22, 2018). Thus, the Board could properly assign a staged rating for bilateral *pes planus*. The Veterans Court noted, moreover, that Mr. Fetty bore the burden of establishing error in the staged rating decision, but he had "presented no argument with respect to the Board's evaluation of that evidence." *Id*. at *3.

## II

We have limited jurisdiction to review decisions of the Veterans Court. We may "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We review such legal determinations de novo. *Thompson v. McDonald*, 815 F.3d 781, 784 (Fed. Cir. 2016). Absent a constitutional violation, however, we have no jurisdiction to review factual determinations or the application of law to facts. *Id*.

## A.

We first address Mr. Fetty's argument that the Veterans Court legally erred by exceeding its statutory jurisdiction. According to Mr. Fetty, the Veterans Court impermissibly engaged in fact finding in the first instance when it determined that the Board had "reviewed the same evidence, plus two documents" as the RO. Informal Brief of the Claimant-Appellant at 11.

Although the Veterans Court may not make factual findings in the first instance, *see Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013), we disagree that the Veterans Court engaged in fact-finding here. Instead, the Board made this factual determination in the first instance. In its decision, the Board noted that it need not remand the claim to the RO because, although Mr. Fetty had introduced new evidence in the form of two medical reports, "the Veteran waived initial [RO] consideration of

those documents."[4]  *Id*.  The Board thus could address Mr. Fetty's claim "without prejudice to the Veteran."  Appx 17. We therefore decline to hold that the Veterans Court impermissibly found that the Board had "reviewed the same evidence, plus two documents" as the RO.

## B.

Second, Mr. Fetty contests the merits of the Veterans Court's decision.  He contends that the Veterans Court's findings are not supported by substantial evidence.  But this argument misunderstands our jurisdiction.  We may not review the merits of factual determinations on appeal. *See Thompson*, 815 F.3d at 784.  We thus lack jurisdiction over these claims.

## C.

Third, Mr. Fetty asserts that he has not received his statutory right to one review by the Secretary under 38 U.S.C. § 7104(a) because the RO "has not had the opportunity to review the effective date for the 50 percent initial pes planus rating."  Informal Reply Brief of the Claimant-Appellant at 9.  But we decline to construe the issue as the date on which Mr. Fetty became entitled to a 50% rating. First, as a matter of practicality, if the Secretary approved the staged disability rating on review, it is not clear how increasing one aspect (the disability ratings) creates a new issue as to the other aspect (the effective dates).  Second, we find the reasoning in *O'Connell v. Nicholson*, 21 Vet. App. 89 (2007), persuasive.  *See id*. at 92–93 (rejecting the argument that, on appeal from a 30% disability rating, the veteran had a right to notice when the Board increased his initial rating to 100% and then decreased the final rating to 50%).  *O'Connell* suggests that a veteran has not been denied procedural protections when the agency awards a

---

[4]    The parties do not dispute that Mr. Fetty waived initial RO consideration of the two new medical documents.

veteran a staged disability rating and the Board later increases the rating at each stage.

We thus find that Mr. Fetty's argument centers on whether the Veterans Court correctly determined that his staged rating decision had been subject to review by the Secretary, not whether the Veterans Court correctly interpreted the legal standard governing the Secretary's review. Because his argument involves the application of law to the facts, an issue outside our jurisdiction, we may not address it on appeal.

## D.

Finally, we lack jurisdiction over the remainder of Mr. Fetty's challenges, which likewise relate to the Veterans Court's application of law to the facts rather than any interpretation of the law. For example, Mr. Fetty alleges the Veterans Court failed to uphold 38 U.S.C. § 5110, which governs the effective date for a claim. But the Board *did* consider the date of receipt of Mr. Fetty's claim, April 14, 1997, as the earliest possible effective date for the award. It nonetheless determined that the facts only supported an effective date of June 21, 2002 for the 50% rating. Mr. Fetty appears to challenge whether the Board correctly applied § 5110 to determine that the "facts found" supported a June 21, 2002 date, not whether the Board properly used April 14, 1997 as the earliest possible effective date. That issue, however, involves the application of law to fact and is outside our jurisdiction.

Similarly, Mr. Fetty argues that the Veterans Court failed to reconcile the record into a consistent disability picture under 38 C.F.R. § 4.2. But this argument challenges how the Veterans Court reconciled the record, not the legal standard the Veterans Court employed. We thus lack jurisdiction to review it as well.

## III

We have considered Mr. Fetty's remaining arguments and find them unpersuasive.  Because Mr. Fetty fails to show legal error in the only claim over which we may exercise jurisdiction, we affirm.

**AFFIRMED**

No costs.