﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190717-15667
DATE: April 30, 2020

ORDER

Entitlement to an initial 20 percent rating, but no higher, for lumbosacral strain and degenerative disc disease (hereinafter “lumbar spine disability”) prior to April 4, 2016 is granted.

REMANDED

Entitlement to an increased rating in excess of 20 percent for lumbosacral strain and degenerative disc disease from April 4, 2016 is remanded.

FINDING OF FACT

Prior to April 4, 2016, the Veteran’s lumbar spine disability was manifested with forward flexion limited to 45 degrees.

CONCLUSION OF LAW

The criteria for entitlement to an initial 20 percent rating, but no higher, for lumbosacral strain and degenerative disc disease prior to April 4, 2016 have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.71a, Diagnostic Code 5237.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with Department of Veterans Affairs (VA) decision on their claim to seek review. This decision has been written consistent with the new AMA framework as the rating decision on the issue on appeal was issued after the implementation of the new law went into effect. 

The Veteran served on active duty from June 1985 to May 1988, May 2004 to October 2004, February 2006 to June 2007 and from October 2007 to October 2013. 

This appeal comes to the Board of Veterans’ Appeals (Board) from a May 2019 statement of the case (SOC) by a Department of Veterans Affairs (VA) Regional Office (RO). See July 2019 Decision Review Request: Board Appeal (Notice of Disagreement). 

The Veteran filed his original claim of service connection for low back pain in March 2014. The agency of original (AOJ) granted the Veteran’s claim under the legacy appeals system in December 2014 and assigned a 10 percent rating effective October 30, 2013. The Veteran subsequently filed a timely notice of disagreement (NOD) in January 2016 indicating disagreement with the rating and effective date assigned. In an April 2019 rating decision, the AOJ granted an increased rating for lumbosacral strain to 20 percent effective April 4, 2016. In May 2019, the AOJ issued a statement of the case (SOC) that continued the staged rating. The Board received a timely AMA Notice of Disagreement with the May 2019 SOC in July 2019. As the Veteran chose the Evidence Submission Board Review Option without a Board hearing on the Notice of Disagreement, the Board will consider the evidence of record at the time of the May 2019 SOC and evidence submitted within 90 days of the election of the Evidence Submission lane. See 38 C.F.R. §§ 20.202, 20.303.

The Board notes in October 2019 the Veteran withdrew his appeal for an earlier effective date for his grant of service connection for a lumbosacral strain. Thus, the claim is deemed withdrawn. 

Entitlement to an increased rating for a lumbar spine disability prior to April 4, 2016.

The Veteran contends he is entitled to a rating higher than what is currently reflected. The Veteran filed his claim of service connection for low back pain on March 13, 2014. The AOJ granted service connection for lumbosacral strain and assigned a 10 percent rating from October 30, 2013, the day after the Veteran’s separation from service. The Veteran subsequently appealed the rating assigned to the Board. 

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The Rating Schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. 

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise the lower rating will be assigned. 38 C.F.R. § 4.7. All benefit of the doubt will be resolved in the Veteran’s favor. 38 C.F.R. § 4.3.

The Veteran’s lumbar spine disability is rated under 38 C.F.R. § 4.71a, Diagnostic Code 5237. Under the General Rating Formula for Diseases and Injuries of the Spine, a 10 percent rating is warranted for forward flexion of the thoracolumbar spine greater than 60 degrees but not greater than 85 degrees; or, combined range of motion of the thoracolumbar spine greater than 120 degrees but not greater than 235 degrees; or, muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or, vertebral body fracture with loss of 50 percent or more of the height. A 20 percent rating is warranted for forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or the combined range of motion of the thoracolumbar spine not greater than 120 degrees; or, muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. A 40 percent rating is warranted for forward flexion of the thoracolumbar spine to 30 degrees or less; or, favorable ankylosis of the entire thoracolumbar spine. A 50 percent rating is warranted for unfavorable ankylosis of the entire thoracolumbar spine. A 100 percent evaluation is warranted for unfavorable ankylosis of the entire spine. 38 C.F.R. § 4.71a, General Rating Formula for Diseases and Injuries of the Spine. 

Any associated objective neurological abnormalities, including, but not limited to, bowel or bladder impairment, are to be evaluated separately under an appropriate diagnostic code. Id. at Note 1. 

Ankylosis is defined as “immobility and consolidation of a joint due to disease, injury, or surgical procedure.” Dorland’s Illustrated Medical Dictionary, 94 (32nd ed. 2012). Fixation of a spinal segment in neutral position (zero degrees) always represents favorable ankylosis. Id. at Note 5. 

For VA compensation purposes, normal forward flexion of the thoracolumbar spine is zero to 90 degrees, extension is zero to 30 degrees, left and right lateral flexion are zero to 30 degrees, and left and right lateral rotation are zero to 30 degrees. Id. at Note 2.

When evaluating musculoskeletal disabilities based on limitation of motion, 38 C.F.R. § 4.40 requires consideration of functional loss caused by pain or other factors listed in that section that could occur during flare-ups or after repeated use and, therefore, not be reflected on range-of-motion testing. 38 C.F.R. § 4.45 requires consideration also be given to less movement than normal, more movement than normal, weakened movement, excess fatigability, incoordination, and pain on movement. See DeLuca v. Brown, 8 Vet. App. 202 (1995); see also Mitchell v. Shinseki, 25 Vet. App. 32, 44 (2011). Nonetheless, even when the background factors listed in § 4.40 or 4.45 are relevant when evaluating a disability, the rating is assigned based on the extent to which motion is limited, pursuant to 38 C.F.R. § 4.71a; a separate or higher rating under § 4.40 or 4.45 itself is not appropriate. See Thompson v. McDonald, 815 F.3d 781, 785 (Fed. Cir. 2016) (“[I]t is clear that the guidance of § 4.40 is intended to be used in understanding the nature of the veteran’s disability, after which a rating is determined based on the § 4.71a criteria.”).

Under 38 C.F.R. § 4.59, painful motion is a factor to be considered with any form of arthritis; however, 38 C.F.R. § 4.59 is not limited to disabilities involving arthritis. See Burton v. Shinseki, 25 Vet. App. 1 (2011).

The Board finds that prior to April 4, 2016, the Veteran’s lumbar spine disability caused forward flexion limited to 45 degrees and a combined range of motion of the thoracolumbar spine not greater than 120 degrees.

Here, the Veteran was afforded VA examination with respect to this claim in December 2014. The Veteran reported having flare ups that made him not want to get out of bed. Upon physical examination, forward flexion was noted to be limited to 80 degrees, extension was limited to 30 degrees, right and left lateral flexion was limited to 30 degrees, right lateral rotation was limited to 30 degrees, and left lateral rotation was limited to 24 degrees. Pain was noted on forward flexion and left lateral rotation however, it did not result in or cause functional loss. There was no pain with weight bearing. There was pain with palpation of the lumbar spine L-4 level. There was no additional loss of function or range of motion on repetitive use testing. The Veteran was not tested after repeated use over time and the examiner noted the examination neither supported nor contradicted the Veteran’s statements describing functional loss with repetitive use over time. The Veteran reported once weekly flare-ups that were moderate in severity and lasted up to 4 hours. The was no guarding or muscle spasm of the thoracolumbar spine. Muscle strength was normal in the bilateral hip flexion, knee extension, ankle plantar flexion, ankle dorsiflexion, and great toe extension. There was no muscle atrophy. Deep tendon reflexes were normal in the bilateral ankles and knees. Sensation to light touch was normal in the bilateral upper anterior thighs (L2), thigh/knees (L3/4), lower leg/ankles (L4/L5/S1), and foot/toes (L5). Straight leg raising testing was negative. There was no radicular pain or any other signs or symptoms due to radiculopathy. There was no ankylosis, neurologic abnormalities or intervertebral disc syndrome (IVDS). The Veteran did not require the use of any assistive devices as a normal mode of locomotion. Arthritis was noted on X-ray examination. There was no thoracic vertebral fracture with loss of 50 percent or more of height. The examiner concluded that the Veteran lumbar spine disability impacted the Veteran’s ability to work as he could not lift more than 50 pounds or do prolonged standing. 

VA treatment records note the Veteran underwent a physical examination for his back in January 2016. The examiner noted straight leg raise testing was positive bilaterally with pain localized to his lower back to about 40 degrees. In the prone position, there was tenderness along the middle lumbar spine and the Veteran appeared to have a decreased lumbar lordosis. Lumbar range of motion was noted as 50 percent in all planes. The Veteran was noted to have more pain on forward flexion. He was able to extend to about 30 degrees with some pain, but not as much as forward flexion. 

After review of the relevant evidence, the Board finds an increased rating is warranted for the period on appeal. Here, the December 2014 examiner noted the Veteran’s reported flare-ups but was unable to indicate whether pain, weakness, fatigability or incoordination significantly limited functional ability during flare-ups or caused any additional limitation of range of motion due to pain, weakness, fatigability or incoordination without resorting to mere speculation. As outlined above, the January 2016 examiner noted the Veteran’s range of motion was limited to 50 percent in all ranges of motion which would equate to forward flexion limited to 45 degrees and a combined range of motion of the lumbar spine limited to 120 degrees. Thus, considering the Veteran’s described flare-ups at the December 2014 examination and the findings of the January 2016 examiner, the Board resolves reasonable doubt in favor of the Veteran and finds that his lumbar spine disability warrants a 20 percent rating but no higher, prior to April 4, 2016. 

REASONS FOR REMAND

Entitlement to an increased rating in excess of 20 percent for a lumbar spine disability from April 4, 2016 is remanded.

The Board finds that a pre-decisional duty to assist error was committed insofar as the Veteran was not scheduled for a VA examination to determine the current severity of his lumbar spine disability after he alleged that the disability rating assigned to him did not accurately reflect the current severity of his lumbar spine disability. In statements received in March 2018, the Veteran noted his lumbar spine disability causes him to have urinary problems. Additionally, in statements received in August 2019, the Veteran reiterated that his lumbar spine disability causes urinary problems and pain and numbness down both his legs. The Veteran last underwent VA examination with respect to this claim in April 2016. Based on the foregoing, the Board finds remand necessary to afford the Veteran a new VA examination to determine the current severity of his lumbar spine disability. 

The matter is REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the current severity of his service-connected lumbar spine disability. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. 

In so doing, the examiner must test the Veteran’s active motion, passive motion, and pain with weight-bearing and without weight-bearing. If it is not possible to provide a specific measurement without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

In so doing, the examiner must attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. If it is not possible to provide a specific measurement based on direct observation, the examiner should provide an estimate, if at all possible, of the additional impairment due to flare-ups based on the other evidence of record and the Veteran’s statements. If it is not possible to provide a specific measurement without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).]

(Continued on the next page)

 

In providing this opinion, the examiner should consider and address the Veteran’s lay statements of current pain associated with his lumbar spine.

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached, citing the objective medical findings leading to the conclusions.

 

 

M. Mills

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. McDuffie, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.