﻿Citation Nr: 19172638
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 13-09 098A
DATE: September 18, 2019

ORDER

Entitlement to a rating in excess of 10 percent prior to April 19, 2019, for a left ankle fracture and a rating in excess of 20 percent after April 19, 2019, is denied.

FINDINGS OF FACT

1. The Veteran’s left ankle fracture is manifested by no more than moderate limited motion of the ankle prior to April 19, 2019. 

2. The Veteran’s left ankle fracture is rated as 20 percent disabling, which is the maximum schedular rating permitted for limited motion of the ankle.

CONCLUSION OF LAW

The criteria for entitlement to a rating in excess of 10 percent prior to April 19, 2019, for a left ankle fracture and a rating in excess of 20 percent after April 19, 2019, have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.71a, Diagnostic Code 5271.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Army from November 1971 to November 1991. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2011 and June 2019 rating decision issued by the Department of Veteran Affairs (VA) Regional Office (RO).

The Board issued a remand in February 2018 instructing the RO to obtain outstanding medical treatment records, provide the Veteran with an orthopedic examination, and to readjudicate the claim. A remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). The RO associated new medical records with the claims file, provided the Veteran an examination, and issued a supplemental statement of the case. The Board finds the RO substantially complied with the February 2018 remand directives. The claim has returned to the Board for further appellate review. 

The Board has reviewed all the evidence in the Veteran’s claims file, with an emphasis on medical and lay evidence for the issues on appeal. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. The Federal Circuit held that the Board must review the entire record but does not have to discuss each piece of evidence. Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board’s analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.

Entitlement to a rating in excess of 10 percent prior to April 19, 2019, for a left ankle fracture and a rating in excess of 20 percent after April 19, 2019.

The Veteran seeks a higher rating for his service-connected left ankle fracture which he contends has increased in pain and decreased in his mobility. In a February 2012 notice of disagreement, the Veteran that the lived with daily elevated pain and received medication prescribed by the VA. 

Disability ratings are determined by the application of VA’s Schedule for Rating Disabilities (Schedule), which is based on the average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. § Part 4. Pertinent regulations do not require that all cases show all findings specified by the Schedule, but that findings sufficient to identify the disease and the resulting disability and, above all, coordination of the rating with impairment of function will be expected in all cases. 38 C.F.R. § 4.21; see also Mauerhan v. Principi, 16 Vet. App. 436 (2002).

When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant. 38 C.F.R. § 4.3. Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. §§ 4.7, 4.59 allows consideration of functional loss due to painful motion to be rated to at least the minimum compensable rating for a particular joint. 

The Board will consider whether separate ratings may be assigned for separate periods of time based on facts found, a practice known as “staged ratings,” in all claims for increased ratings. Fenderson v. West, 12 Vet. App. 119, 126-27 (1999); Hart v. Mansfield, 21 Vet. App. 505, 519 (2007).

The Veteran’s left ankle fracture is rated under 38 C.F.R. § 4.71a, Diagnostic Code 5271, for limitation of motion of the ankle. Under Diagnostic Code 5271, a 10 percent rating is warranted for moderate limited motion of the ankle. A maximum 20 percent rating is warranted for marked limited motion of the ankle. 38 C.F.R. § 4.71a, Diagnostic Code 5271.

When evaluating musculoskeletal disabilities based on limitation of motion, 38 C.F.R. § 4.40 requires consideration of functional loss caused by pain or other factors listed in that section that could occur during flare-ups or after repeated use and, therefore, not be reflected on range-of-motion testing. 38 C.F.R. § 4.45 requires consideration also be given to less movement than normal, more movement than normal, weakened movement, excess fatigability, incoordination, and pain on movement. See DeLuca v. Brown, 8 Vet. App. 202 (1995); see also Mitchell v. Shinseki, 25 Vet. App. 32, 44 (2011). Nonetheless, even when the factors listed in 38 C.F.R. § 4.40 or 4.45 are relevant when evaluating a disability, the rating is assigned based on the extent to which motion is limited, pursuant to 38 C.F.R. § 4.71a; a separate or higher rating under § 4.40 or 4.45 itself is not appropriate. See Thompson v. McDonald, 815 F.3d 781, 785 (Fed. Cir. 2016) (“[I]t is clear that the guidance of § 4.40 is intended to be used in understanding the nature of the veteran’s disability, after which a rating is determined based on the § 4.71a criteria.”). Under 38 C.F.R. § 4.59, painful motion is a factor to be considered with any form of arthritis; however, 38 C.F.R. § 4.59 is not limited to disabilities involving arthritis. See Burton v. Shinseki, 25 Vet. App. 1 (2011).

Prior to April 19, 2019

VA and private treatment records, examinations, and the Veteran’s lay statements show that the Veteran’s left ankle fracture was manifested by no more than moderate limited motion of the ankle prior to April 19, 2019. 

In November 2012, the Veteran’s left ankle fracture was assessed for severity. Examination results revealed dorsiflexion of 20 degrees or more and plantar flexion of 30 degrees. There was no localized tenderness and no ankylosis. The examiner stated that the Veteran had some weakness of the left ankle and some decreased plantar flexion, as well as antalgic gait. 

In July 2015, the Veteran underwent a VA examination in which the Veteran reported no flare-ups or functional loss. Range of motion was normal for the left ankle with dorsiflexion to 20 degrees and plantar flexion to 45 degrees. There was no pain on weight bearing, ankylosis, localized tenderness, or evidence of crepitus. 

VA treatment records show the Veteran continued to experience pain when walking. In October 2015, the Veteran stated that he used an Arizona brace to support this ankle, but it gave him problems because of the lacing. The Veteran also stated that he walks with his foot inverted because of pain. The Veteran was issued an ASO ankle support brace in December 2015.

 In June 2017, the Veteran was afforded another VA examination in which he stated that his condition had worsened and he had to wear ankle brace and use a cane for support. The Veteran stated that he experienced flare-ups and functional loss when getting up from sitting, steps, cold, and sometimes walking. Range of motion was abnormal with dorsiflexion to 10 degrees and plantar flexion to 45 degrees. The examiner was unable to say without mere speculation if pain weakness, fatigability, or incoordination significantly limited functional ability with repeated use because the examiner he had not examine the Veteran prior to this examination. There was no crepitus, ankylosis, or pain on weight bearing. 

In a September 2017 VA treatment record, the Veteran stated he had osteoarthritis in his left ankle and wears a brace. The physician noted left ankle pain, but no edema. He recommended physical activity and weight loss to help ease burden on joints and for the Veteran to continue taking medication. 

The Board finds that the preponderance of the evidence is against a rating in excess of 10 percent for a left ankle fracture. The Board acknowledges the Veteran’s lay reports of symptoms and that there was functional loss due to pain, weakened movement, and pain during repetitive use over time. However, even considering the Veteran’s lay reports of symptoms and functional loss, the degree of additional limitation reflected by the statements that he experienced pain when getting up from sitting, steps, cold, and sometimes walking would not result in symptoms more nearly approximating marked limited motion.

The Board has considered whether any other Diagnostic Codes related to disabilities of the ankle would provide for a higher disability rating. However, the evidence does not reflect that the symptoms would warrant a higher rating under a different Diagnostic Code. See 38 C.F.R. § 4.71a. 

In conclusion, the Board finds that the preponderance of the evidence is against the Veteran’s appeal for a rating in excess of 10 percent for left ankle fracture prior to April 19, 2019. In denying such a rating, the Board finds the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

April 19, 2019 and after

In April 2019, the Veteran underwent a VA examination which show that his disability had progressed. Subsequently, the Veteran was awarded an increased rating of 20 percent effective the day of the exam in a June 2019 rating decision. The RO stated an evaluation of 30 percent was not warranted unless evidence showed ankylosis of the ankle in dorsiflexion between 0 degrees and 10 degrees; or ankylosis of the ankle in plantar flexion between 30 degrees and 40 degrees. 

The April 2019 VA exam showed the Veteran had left tarsal tunnel syndrome and closed fracture of the lateral talus of the left ankle. The Veteran described flare-ups of the ankle as shooting pain in an unpredictable manner that was more frequent in cold weather. Range of motion was abnormal with dorsiflexion to 20 degrees and plantar flexion to 35 degrees. There was no evidence of localized tenderness or pain on palpation and no ankylosis. Symptoms of pain and weakness were noted to limit functional ability. 

Although the Veteran contends that his level of severity in symptoms were worse prior to April 19, 2019, the evidence of record does not support this contention. The evidence prior to April 19, 2019 does not show that he had a left ankle fracture with marked limitation. 

Only by evidence associated with the record can the Board factually ascertain the level of severity of the Veteran’s disability over time. As such, the Veteran has been awarded an increased rating based on the progression of the condition. Therefore, the entitlement to an evaluation above 20 percent for left ankle fracture after April 19, 2019 is denied. As the preponderance of the evidence is against the appeal, the benefit-of-the-doubt doctrine is not for application, and the appeal must be denied. See 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Harris, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.