﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190813-26211
DATE: May 29, 2020

ORDER

Entitlement to a rating in excess of 10 percent for a ruptured patellar tendon of the left knee, status post repair, with arthritis, patellofemoral pain syndrome, and quad and vastus medialis oblique strain is denied.

Entitlement to a 10 percent rating for lateral instability of the left knee is granted.

Entitlement to a compensable rating for a left knee scar is denied.

FINDING OF FACT

1. The Veteran’s left knee disability is manifested by flexion of 0 to 80 degrees, extension of 80 to 0 degrees, and painful motion.

2. The Veteran’s left knee disability is manifested by slight lateral instability.

3. The Veteran’s left knee scar measures 19.5 cm by 0.3 cm.

CONCLUSION OF LAW

1. The criteria for a rating in excess of 10 percent for a left knee disability have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.71a, Diagnostic Code 5260.

2. The criteria for a separate 10 percent rating for lateral instability of the left knee has been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.71a, Diagnostic Code 5257.

3. The criteria for a compensable rating for a left knee scar have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.118, Diagnostic Code 7802.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1986 to October 1993.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in the AMA and this decision has been written consistent with the new AMA framework.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a July 2019 rating decision by the Regional Office (RO) of the Department of Veterans Affairs (VA). In August 2019 the Veteran submitted an AMA notice of disagreement and elected the hearing docket. He subsequently presented testimony at a Board hearing in March 2020. A transcript of the hearing is associated with the Veteran’s claims folder.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claim of entitlement to a rating in excess of 10 percent for a left knee disability, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. Entitlement to a rating in excess of 10 percent for a ruptured patellar tendon of the left knee, status post repair, with arthritis, patellofemoral pain syndrome, and quad and vastus medialis oblique strain is denied.

2. Entitlement to a 10 percent rating for lateral instability of the left knee is granted.

The Veteran contends that he is entitled to a rating in excess of 10 percent for a left knee disability. Disability evaluations are determined by comparing a Veteran’s present symptomatology with criteria set forth in VA’s Schedule for Rating Disabilities (Rating Schedule), which is based on average impairment in earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § Part 4. 

The Veteran is currently rated under 38 C.F.R. § 4.71a, Diagnostic Code 5260. Under Diagnostic Code 5260, a noncompensable rating is warranted for flexion limited to 60 degrees. A 10 percent rating is warranted for flexion limited to 45 degrees. A 20 percent rating is warranted for flexion limited to 30 degrees. A 30 percent rating is warranted for flexion limited to 15 degrees. 38 C.F.R. § 4.71a, Diagnostic Code 5260.

When evaluating musculoskeletal disabilities based on limitation of motion, 38 C.F.R. § 4.40 requires consideration of functional loss caused by pain or other factors listed in that section that could occur during flare-ups or after repeated use and, therefore, not be reflected on range-of-motion testing. 38 C.F.R. § 4.45 requires consideration also be given to less movement than normal, more movement than normal, weakened movement, excess fatigability, incoordination, and pain on movement. See DeLuca v. Brown, 8 Vet. App. 202 (1995); see also Mitchell v. Shinseki, 25 Vet. App. 32, 44 (2011). Nonetheless, even when the background factors listed in § 4.40 or 4.45 are relevant when evaluating a disability, the rating is assigned based on the extent to which motion is limited, pursuant to 38 C.F.R. § 4.71a; a separate or higher rating under § 4.40 or 4.45 itself is not appropriate. See Thompson v. McDonald, 815 F.3d 781, 785 (Fed. Cir. 2016) (“[I]t is clear that the guidance of § 4.40 is intended to be used in understanding the nature of the veteran’s disability, after which a rating is determined based on the § 4.71a criteria.”).

Under 38 C.F.R. § 4.59, painful motion is a factor to be considered with any form of arthritis; however, 38 C.F.R. § 4.59 is not limited to disabilities involving arthritis. See Burton v. Shinseki, 25 Vet. App. 1 (2011).

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3.

Following a review of the record, the Board finds that the preponderance of the evidence is against a rating in excess of 10 percent for painful motion of the left knee. 

In this regard, during an April 2018 VA knee examination, objective range of motion testing of the left knee revealed flexion of 0 to 90 degrees, and extension of 90 to 0 degrees with pain during flexion and extension. The Veteran was able to perform repetitive-use testing, with no change in his reported range of motion. He complained of flare-ups of pain. However, the examiner did not provide an estimation of additional range of motion loss during flare-ups because there is “no conceptual or empirical basis for making such a determination . . .”. Strength during flexion and extension of the left knee was normal, with no evidence of muscle atrophy. No ankylosis of the knee was observed. Joint stability tests revealed slight subluxation and slight lateral instability of the knee. No history of meniscal conditions was noted. (4/25/2018, C&P Exam, p. 5-9, 11).

During a January 2019 VA knee examination, objective range of motion testing of the left knee revealed flexion of 0 to 100 degrees, and extension of 100 to 0 degrees, with pain during flexion and extension. The Veteran was able to perform repetitive-use testing, with no change in his reported range of motion. The examiner opined that the Veteran’s range of motion after repetitive use over time would decrease to 0 to 95 degrees flexion and 95 to 0 degrees extension. Similarly, the examiner opined that the Veteran’s range of motion would decrease to 0 to 95 degrees flexion and 95 to 0 degrees extension during flare-ups. Strength testing revealed reduced strength during left knee flexion and normal strength during extension, with no evidence of muscle atrophy. No ankylosis of the knee was observed. The examiner indicated that there was no history of subluxation, lateral instability, or meniscal conditions. (1/31/2019, C&P Exam, p. 5-11, 13). 

During a May 2019 VA knee examination, objective range of motion testing of the left knee revealed flexion of 0 to 115 degrees, and extension of 115 to 0 degrees with pain during flexion and extension. The Veteran was able to perform repetitive-use testing, with no change in his reported range of motion. The examiner opined that the Veteran’s range of motion after repetitive use over time, and during flare-ups, would decrease to 0 to 110 degrees flexion and 110 to 0 degrees extension. Strength testing revealed reduced strength during left knee flexion and extension, with no evidence of muscle atrophy. No ankylosis of the knee was observed. The examiner indicated that there was no history of subluxation, lateral instability, or meniscal conditions. (5/23/2019, C&P Exam, p. 5-11, 14). 

The Board notes that the Veteran was afforded a VA knee examination in February 2020 in connection with his claim for gout of the left knee. The Board may not consider this evidence as it was added to the claims file during a period of time when new evidence was not allowed. 38 C.F.R. §§ 20.300, 20.302. 

The Board has also considered other Diagnostic Codes pertaining to the knee. Other disability ratings may be assigned only if the symptomatology for a disability is not duplicative or overlapping with the symptomatology of any other disability. See Esteban v. Brown, 6 Vet. App. 259, 261-62 (1994); Lyles v. Shulkin, 29 Vet. App. 107 (2017) (holding that 38 C.F.R. § 4.14 prohibits paying compensation twice for the same symptoms or functional impairment). 

The evidence currently of record indicates that the Veteran’s symptoms include lateral instability of the left knee. Indeed, lateral patellar tracking issues were shown in an April 2018 VA physical therapy record. Moreover, the April 2018 examination showed slight subluxation and instability.

Lateral instability of the knee is rated under Diagnostic Code 5257. In accordance with Diagnostic Code 5257, a 10 percent rating is warranted for slight recurrent subluxation or lateral instability. A 20 percent rating is warranted for moderate recurrent subluxation or lateral instability. A 30 percent rating is warranted for severe recurrent subluxation or lateral instability. 38 C.F.R. § 4.71a, Diagnostic Code 5257.

Objective medical evidence is not required to establish lateral knee instability under Diagnostic Code 5257, so objective medical evidence cannot be categorically found more probative than lay evidence with respect to this Diagnostic Code. See English v. Wilkie, 30 Vet. App. 347, 352-53 (2018).

The Board finds that the preponderance of the evidence supports a 10 percent rating for lateral instability of the left knee based on the April VA examination, in which the Veteran reported a history of slight lateral instability. 

The Board finds that the Veteran is entitled to separate ratings under diagnostic codes 5257 for lateral instability of the left knee and 5260 for painful motion of the left knee. 

In sum, the evidence of record establishes that the Veteran experiences slight instability of the knee. Therefore, a 10 percent rating under Diagnostic Code 5257 is warranted. Regarding painful motion of the knee, the evidence of record indicates that the Veteran’s flexion was no worse than 0 to 90 degrees. As such, the Board finds that the preponderance of the evidence is against the Veteran’s claim for a rating in excess of 10 percent for painful motion of the left knee. In denying such a rating, the Board finds the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

3. Entitlement to a compensable rating for a left knee scar is denied.

The Veteran contends that he is entitled to a compensable rating for a left knee scar. His scar is currently rated under Diagnostic Code 7802.

The Board notes that VA amended the criteria for rating skin disabilities effective from August 13, 2018. These new regulations apply to all applications for benefits received by VA or that are pending before the agency of original jurisdiction on or after August 13, 2018. Claims pending prior to the effective date will be considered under both old and new rating criteria, and whatever criteria is more favorable to the veteran will be applied. The Board may not apply a current regulation prior to its effective date, unless the regulation explicitly provides otherwise. Kuzma v. Principi, 341 F.3d 1327 (Fed. Cir. 2003). However, the Board is not precluded from applying prior versions of the applicable regulation to the period on or after the effective dates of the new regulation if the prior version was in effect during the pendency of the appeal. 

Prior to August 13, 2018, Diagnostic Code 7802, addressed burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that were superficial and nonlinear. Under these criteria, a scar with an area or areas of 144 square inches (929 sq. cm.) or greater warrants a 10 percent rating. 38 C.F.R. § 4.118. Note 1 to Diagnostic Code 7802 instructed that a superficial scar was one not associated with underlying soft tissue damage. Id. 

Since August 13, 2018, Diagnostic Code 7802 is for burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that are not associated with underlying soft tissue damage. 38 C.F.R. § 4.118. Diagnostic Code 7802 was otherwise unchanged by the August 13, 2018, amendments.

The Board finds that the preponderance of the evidence is against the assignment of a compensable evaluation under Diagnostic Code 7802 because the Veteran’s scar is not manifested by an area of 144 square inches (929 sq. cm.) or greater. Indeed, during an April 2018 VA examination, the Veteran’s scar was measured at 19.5 cm by 0.3 cm, for a total area of 5.85 sq. cm. Similarly, in a January 2019 VA examination, his scar was measured at 22 cm by 0.1 cm, for a total area of 2.2 sq. cm. Finally, in a May 2019 examination, his scar was measured at 22 cm by 0.25 cm, for a total area of 5.5 sq. cm. 

The Board has also considered other Diagnostic Codes pertaining to scars. However, the Veteran’s scar is not of the head, face, or neck, is not deep and non-linear, and is not associated with underlying soft tissue damage. Moreover, the Veteran’s scar is not unstable or painful. Therefore, Diagnostic Codes 7800, 7801, and 7804, both prior to and from August 13, 2018, are inapplicable. Finally, the evidence of record shows there are no other disabling effects not considered in a rating provided under Diagnostic Codes 7800-04 as contemplated under both pre- and post-August 13, 2018, Diagnostic Code 7805. 

In conclusion, the Board finds that the preponderance of the evidence is against the Veteran’s claim for a compensable rating for a left knee scar. In denying such a rating, the Board finds the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Glenn, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.