﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200127-55673
DATE: December 31, 2020

ORDER

Entitlement to an initial rating higher than 10 percent for lumbar strain is denied.

Entitlement to an initial rating higher than 10 percent for left elbow sprain based on limitation of flexion and extension is denied. 

Entitlement to an initial rating higher than 10 percent for left elbow sprain based on limitation of supination and pronation is denied.

REFERRED

The Veteran submitted a Supplemental Claim to reopen the previously denied claim for service connection for traumatic brain injury in November 2019, and it is referred to the Agency of Original Jurisdiction for adjudication.

FINDINGS OF FACT

1. The Veteran’s lumbar strain has not manifested with forward flexion of 60 or less; a combined range of motion of 120 degrees or less; or, muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. 

2. The Veteran’s left elbow sprain has not manifested with flexion limited to 100 degrees, or extension limited to 45 degrees.

3. The Veteran’s left elbow sprain has not manifested with supination limited to 30 degrees; motion lost beyond the last quarter arc with the hand not approaching full pronation; motion lost beyond the middle of the arc with the hand fixed near the middle of the arc; or moderate pronation. 

CONCLUSIONS OF LAW

1. The criteria for an initial rating higher than 10 percent for lumbar strain have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.10, 4.40, 4.45, 4.71a, Diagnostic Codes 5237.

2. The criteria for initial rating higher than 10 percent for left elbow sprain based on limitation of flexion and extension have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.10, 4.40, 4.45, 4.71a, Diagnostic Codes 5206, 5207, 5208.

3. The criteria for initial rating higher than 10 percent for left elbow sprain based on limitation of supination and pronation have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.10, 4.40, 4.45, 4.71a, Diagnostic Code 5213.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 2002 to April 2013.

This case comes to the Board of Veterans’ Appeals (Board) from March and April 2015 rating decisions of the Department of Veterans Affairs (VA) Regional Office. In March 2016, the Veteran submitted a Notice of Disagreement, and a Statement of the Case was issued in December 2019. 

In January 2020, the Veteran submitted a VA Form 10182 Decision Review Request, which appealed the decision under the modernized review system, also known as the Appeals Modernization Act (AMA). The Veteran requested Direct Review by a Veterans Law Judge.

Lumbar Strain

In a March 2015 rating decision, the Veteran was granted service connection for lumbar strain and assigned a 10 percent rating, effective July 30, 2013.

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that evaluation. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

Disabilities of the lumbar spine are evaluated under the General Rating Formula for Diseases and Injuries of the Spine, or under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, whichever method results in the higher evaluation when all disabilities are combined under 38 C.F.R. § 4.25. These criteria apply with or without symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease. 38 C.F.R. § 4.71a, General Rating Formula for Diseases and Injuries of the Spine. The Veteran has not been found to have intervertebral disc syndrome at any time, and therefore rating under Diagnostic Code 5243 is not appropriate and will not be further discussed.

Under the General Rating Formula for Diseases and Injuries of the Spine, a 10 percent rating is warranted for forward flexion of the thoracolumbar spine greater than 60 degrees but not greater than 85 degrees; or, combined range of motion of the thoracolumbar spine greater than 120 degrees but not greater than 235 degrees; or, muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or, vertebral body fracture with loss of 50 percent or more of the height. 

A 20 percent rating is warranted for forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or the combined range of motion of the thoracolumbar spine not greater than 120 degrees; or, muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. 38 C.F.R. § 4.71a, General Rating Formula for Diseases and Injuries of the Spine. 

Any associated objective neurological abnormalities, including, but not limited to, bowel or bladder impairment, are to be evaluated separately under an appropriate diagnostic code. Id. at Note 1. In this case, however, the medical evidence does not demonstrate that the Veteran has any neurological disorders related to his lumbar strain, and he has not asserted that he has had any such symptoms.

When evaluating musculoskeletal disabilities based on limitation of motion, 38 C.F.R. § 4.40 requires consideration of functional loss caused by pain or other factors listed in that section that could occur during flare-ups or after repeated use and, therefore, not be reflected on range-of-motion testing. 38 C.F.R. § 4.45 requires consideration also be given to less movement than normal, more movement than normal, weakened movement, excess fatigability, incoordination, and pain on movement. See DeLuca v. Brown, 8 Vet. App. 202 (1995); see also Mitchell v. Shinseki, 25 Vet. App. 32, 44 (2011). Nonetheless, even when the background factors listed in § 4.40 or 4.45 are relevant when evaluating a disability, the rating is assigned based on the extent to which motion is limited, pursuant to 38 C.F.R. § 4.71a; a separate or higher rating under § 4.40 or 4.45 itself is not appropriate. See Thompson v. McDonald, 815 F.3d 781, 785 (Fed. Cir. 2016).

The Board has reviewed all of the evidence of record but does not find any indication that a rating higher than 10 percent is warranted.

At a March 2015 VA examination, the Veteran reported having recurring low back pain with constant aching, which was worse with strenuous activity, but no radicular pain. He was diagnosed with lumbar strain. He did not report any flare ups. Range of motion testing found flexion to 80 degrees, with painful motion at 80 degrees. Extension, right lateral flexion, left lateral flexion, right lateral rotation, and left lateral rotation were all to 30 degrees, with no evidence of painful motion. There was no change in range of motion after repetitive use testing. The Veteran had paraspinal muscle and spinous processes tenderness and muscle guarding which did not result in abnormal gait or spinal contour. Muscle strength and reflexes were normal, and there was no muscle atrophy or radiculopathy. There was no intervertebral disc syndrome. The examiner noted that it did impact his ability to work by limiting his ability to stand or sit for prolonged periods and Limiting his ability to lift heavy objects or bend repetitively.

The Veteran next attended a VA examination in November 2019. The Veteran reported having a lot of pain almost daily, lasting for two hours. He also reported having muscle spasms and locking up with muscle tightness. He said that walking made his back tighten up, but he did not report any flare ups. Range of motion testing found flexion to 80 degrees, extension to 30 degrees, right lateral flexion to 30 degrees, left lateral flexion to 20 degrees, and right and left lateral rotation to 30 degrees. The examiner noted that passive range of motion testing was not appropriate because of the risk of mechanical injury to the back. There was pain noted on examination, but it did not result in any functional loss. There was no pain with weightbearing, but there was right muscle tightness with palpation. After repetitive use testing, there was no additional loss of function. The Veteran had muscle spasm, but it did not result in abnormal gait or spinal contour. There was no guarding or muscle atrophy, and strength and reflexes were normal. There was no ankylosis, intervertebral disc syndrome, or radiculopathy. The Veteran occasionally worse a back brace.

The Veteran’s VA treatment records show frequent complaints related to chronic back pain. In June 2017, he was evaluated for chronic low back pain. He was found to have spinal tenderness and was fitted for a back brace. June 2017 imaging of the lumbar spine was normal. In July 2017, he was seen for an increase in back pain. His gait was steady and slow, and balance was normal. His range of motion was limited in that he was unable to bend forward and touch his toes, and movement side to side was painful. 

The Board finds that the preponderance of the evidence is against a rating higher than 10 percent for the Veteran’s lumbar strain. At no time was the Veteran ever found to have forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees or a combined range of motion of 120 degrees or less, even with painful motion taken into account. The Veteran did not report having any flare ups at either VA examination or during his VA treatment. See Sharp v. Shulkin, 29 Vet. App. 26 (2017). The Veteran’s painful motion therefore has been taken into consideration in assigning a 10 percent rating, and the symptom of pain does not require any additional or higher rating based on this symptom alone, and there is no indication that the Veteran’s pain has caused limitation of motion to such an extent that any higher rating criteria could apply. See 38 C.F.R. § 4.59; see also Mitchell, 25 Vet. App. at 38-43 (2011). 

The Veteran has reported having muscle spasms and been found on examination to have tenderness and muscle spasms, but they have never been severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. While the Veteran has been noted to have a slow gait, but both the March 2015 and November 2019 VA examiners specifically indicated that the Veteran’s muscle spasm and guarding did not cause an abnormal gait or abnormal spinal contour.

The Board acknowledges the Veteran’s lay reports of symptoms such as having frequent pain which is sometimes extremely severe, and which limits strenuous physical activities. The Veteran’s lay statements are credible and consistent with the rating assigned. However, even considering the Veteran’s lay reports of symptoms and noted functional loss, the degree of additional limitation reflected by his statements regarding having daily pain do not indicate any further limitation of motion which would more nearly approximating forward flexion of the thoracolumbar spine greater of 60 degrees or a combined range of motion of 120 degrees. Additionally, the Veteran did not have muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. To the extent that the Veteran argues his symptomatology is more severe than shown on evaluation, his statements must be weighed against the other evidence of record. Here, the specific examination findings of trained health care professionals are of greater probative weight than the Veteran’s more general lay assertions.

For the foregoing reasons, the preponderance of the evidence is against the Veteran’s claim for a rating in excess of 10 percent for lumbar strain. In denying such a rating, the Board finds the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

Left Elbow Disability

In an April 2015 rating decision, the Veteran was granted service connection for left elbow strain and assigned a 10 percent evaluation, effective July 30, 2013. In an October 2019 rating decision, the Veteran was granted a separate 10 percent evaluation for his left elbow strain based on limitation of flexion and extension, effective July 30, 2013.

The Veteran is right-handed, and his left elbow is therefore part of his nondominant or “minor” arm. There are several diagnostic codes that apply to the elbow and forearm. Limitation of the forearm is assigned a 0 percent rating when flexion is limited to 110 degrees; a 10 percent rating when it is limited to 100 degrees; and a 20 percent rating when it is limited to 90 degrees. 38 C.F.R. § 4.71a, Diagnostic Code 5206. Limitation of extension is assigned a 10 percent rating when it is limited to 45 degrees or 60 degrees; and a 20 percent rating when it is limited to 75 degrees. 38 C.F.R. § 4.71a, Diagnostic Code 5207. When flexion is limited to 100 degrees and extension is limited to 45 degrees, a single 20 percent rating can be assigned. 38 C.F.R. § 4.71a, Diagnostic Code 5208. 

Impairment of supination and pronation is assigned a 10 percent rating when there is limitation of supination to 30 degrees or less. Limitation of pronation is assigned a 20 percent rating when motion is lost beyond the last quarter arc and the hand does not approach full pronation. A 20 percent rating is assigned when the minor arm has motion lost beyond the middle of the arc, when the hand is fixed near the middle of the arc, or there is moderate pronation. 38 C.F.R. § 4.71a, Diagnostic Code 5213.

Higher ratings are available when there is ankylosis, joint fracture with marked cubitus varus or cubitus valgus deformity, or nonunion/malunion of the radius, but there is no evidence or assertions that the Veteran has ever had any of these disorders, and these rating criteria will not be further discussed. 38 C.F.R. § 4.71a, Diagnostic Codes 5205, 5209-5212.

The Board has reviewed all of the evidence of record but finds that ratings higher than 10 percent for left elbow limitation of flexion and extension and 10 percent for limitation of supination and pronation are not warranted.

At a March 2015 VA examination, the Veteran reported having recurring elbow ache and pop, tenderness to the touch on and off, and occasional numbness in the fingers. He denied grip weakness. The Veteran was diagnosed with elbow sprain. He did not report any flare ups. Range of motion testing found left arm supination to 85 degrees, with pain at 85 degrees, and left arm pronation to 80 degrees, with pain at 80 degrees. Flexion and extension range of motion results were not provided by the examiner. The examiner found that the Veteran did have tenderness, but no ankylosis, flail joint, joint fracture, or impairment of supination or pronation. The examiner found that the Veteran’s disability would impact employment due to pain and limiting his ability to lift heavy objects repeatedly.

The Veteran also attended a VA examination in November 2019. He reported having pain in his elbow every day that lasted from a few seconds to an hour. He stated that placing his elbow down on hard surfaces caused severe pain, but he did not report any flare ups. Range of motion testing found flexion to 135 degrees, extension to 0 degrees, supination to 85 degrees, and pronation to 80 degrees. Pain was noted on examination but did not result in any functional loss. There was localized tenderness with palpation, but no pain with weightbearing or crepitus. The Veteran was able to perform repetitive use testing with no further loss of range of motion. The examiner found that the examination was consistent with the Veteran’s statement regarding functional loss with repetitive use, and that pain, weakness, fatigability, and incoordination would not significantly limit functional ability with repeated use over a period of time. There was no ankylosis, and muscle strength was normal. The examiner noted that employment was affected in that overuse could aggravate the elbow.

The November 2019 VA examination demonstrates that the Veteran’s left elbow sprain, while manifesting with pain, has not had flexion limited to 100 degrees or extension limited to 45 degrees, even when painful motion was taken into account. There is no other evidence of record indicating that the Veteran ever had extension or flexion worse than shown at this examination. The Veteran’s VA treatment records do not contain any treatment for left elbow impairment or indicate any limitation of motion in the left elbow which would indicate that any higher rating is warranted. The Veteran also did not report having any flare ups at either VA examination or during his VA treatment. See Sharp, 29 Vet. App. 26. Compensable ratings are therefore not warranted under Diagnostic Codes 5206, 5207, or 5208.

The Veteran’s 10 percent rating for left elbow limitation of flexion and extension was assigned due to the presence of painful motion under 38 C.F.R. § 4.59, which allows for at least the minimal compensable rating when there is functional loss due to painful motion. The minimum rating has therefore already been assigned, and the Board does not find that the Veteran’s motion has been impaired to such an extent that any higher rating must be assigned. Painful motion therefore has been taken into consideration in assigning the 10 percent rating, and there is no indication that the Veteran’s pain has caused limitation of motion to such an extent that any higher rating criteria could apply. See 38 C.F.R. § 4.59; Mitchell, 25 Vet. App. at 38-43 (2011). 

The Board also finds that a rating higher than 10 percent is not warranted for the Veteran’s left elbow impairment of supination and pronation. The 10 percent rating was also assigned due to the presence of painful motion, pursuant to 38 C.F.R. § 4.59. At no time has the Veteran been found to meet any of the criteria for a rating higher than 10 percent. Normal forearm pronation is from 0 to 80 degrees and forearm supination is from 0 to 85 degrees. 38 C.F.R. § 4.71, Plate III. The Veteran has not been found to have pronation causing all motion to be lost beyond the last quarter arc or the middle of the arc. At both VA examinations he was found to have normal range of motion for pronation and supination, and he therefore has not had a limitation of pronation which could be considered “moderate.” 

The Board finds that the Veteran’s lay reports of symptoms of pain have therefore been considered and compensated by the ratings already assigned. The Board does not find that any additional ratings based on pain are warranted. The Veteran has already been assigned a compensable rating based on pain while performing and up and down (extension and flexion) motion with his arm and pain based on performing a turning motion with his arm (supination and pronation), and to assign any additional ratings based on pain would constitute pyramiding of symptomatology. See 38 C.F.R. § 4.14; Esteban v. Brown, 6 Vet. App. 259, 261-62 (1994) (VA may not assign multiple ratings for duplicative or overlapping symptomatology.). The Board also notes that to the extent that the Veteran argues his symptomatology is more severe than shown on evaluation, his statements must be weighed against the other evidence of record, and the specific examination findings of trained health care professionals are of greater probative weight than the Veteran’s more general lay assertions.

In sum, the Board finds that the preponderance of the evidence is against the Veteran’s claims for higher than 10 percent for left elbow sprain based on limitation of flexion and extension and higher than 10 percent for left elbow sprain based on limitation of supination and pronation. The claims are denied. The Board has again considered the benefit of the doubt doctrine, but the preponderance of the evidence is against the claims. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

 

 

D. SMART

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Mary E. Rude, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.